IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
(MARTINSBURG DIVISION)

DEC 29 2003

| | |
|---|---|
| AUTOMATED MERCHANDISING SYSTEMS INC., <br><br> a Delaware corporation, <br><br>   Plaintiff, <br><br> v. <br><br> CRANE CO., <br><br> a Delaware corporation, <br><br>   Defendant. | Civil Action No. 3:03CV88 |

## COMPLAINT FOR PATENT INFRINGEMENT

This Complaint for patent infringement is filed on behalf of Automated Merchandising Systems Inc. by counsel.

1.  Plaintiff, Automated Merchandising Systems Inc. ("AMS"), is a corporation of the state of Delaware having its corporate headquarters and main place of business located at 255 West Burr Blvd., Kearneysville, West Virginia 25430.

2.  Upon information and belief, the defendant Crane Co. ("Crane") is a corporation of the state of Delaware having its corporate headquarters at 100 First Stanford Place, Stamford Connecticut 06902.

3.  This court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1332 and 1338(a) since the matter in controversy arises under an act of Congress relating to patents (35 U.S.C. § 1 *et seq.*).

-2-

4.     This Court has venue under 28 U.S.C. § 1391(b-c) since the defendants reside in this judicial district – *i.e.*, on information and belief, the defendants do business in this judicial district, including by offering to sell and selling products in this judicial district, and are subject to personal jurisdiction in this jurisdiction.

5.     On May 7, 2002, United States Patent No. 6,384,402 ("the '402 patent") was duly, properly, and legally issued and assigned to AMS. The '402 patent is valid and in full force and effect and products produced under the claims of that patent have enjoyed substantial commercial success and recognition in the trade.

6.     Upon information and belief, the defendant Crane has been, and is, manufacturing and/or having manufactured, and/or offering for sale and/or selling products (including glass front vending machines equipped with its "SureVend" and "Posi-Vend" optical sensor systems) which infringe at least claim 1 of the '402 patent. The defendant's infringement of this patent has been willful, wanton, egregious, and with total disregard for AMS' rights, and will continue unabated unless enjoined by this Court.

WHEREFORE AMS demands:

(a)     An injunction against the defendant enjoining it, its employees, agents, attorneys, and privies, and all those in active concert or participation therewith, from the continued infringement of the '402 patent, pursuant to 35 U.S.C. § 283;

(b)     An accounting, assessment and award of damages, not less than a reasonable royalty, and including prejudgment interest, adequate to fully compensate AMS for the infringement of the '402 patent complained of herein, together with interest and costs as affixed by the Court, pursuant to 35 U.S.C. § 284;

(c) That any damage awarded pursuant to 35 U.S.C. § 284 be increased up to three times, as provided by 35 U.S.C. § 284, in view of defendant's willful infringement of the '402 patent;

(d) An award to AMS of reasonable attorneys' fees due to the exceptional nature of this case, pursuant to 35 U.S.C. § 285;

(e) An award to AMS of costs incurred in prosecuting this matter; and

(f) Such other and further relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the 7th Amendment to the Constitution of the United States, AMS demands a trial by jury of all issues triable as of right by jury in the above action.

Date: 29 Dec. 2003

AUTOMATED MERCHANDISING SYSTEMS INC.
by its Attorneys

_____
Charles F. Printz, Jr.
BOWLES RICE MCDAVID GRAFF & LOVE PLLC
101 South Queen St., P.O. Drawer 1419
Martinsburg, West Virginia 25401
Telephone: 304-263-0836
Facsimile: 304-267-3822

*Of Counsel:*
James D. Berquist
J. Scott Davidson
Donald L. Jackson
DAVIDSON BERQUIST KLIMA & JACKSON LLP
4501 N. Fairfax Drive, Suite 920
Arlington, Virginia 22203
Telephone: 703-248-0333
Facsimile: 703-248-9558