IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AUTOMATED MERCHANDISING
SYSTEMS INC.,

    Plaintiff,

    v.                                            Civil Action No. 3:03-cv-88
                                                    (consolidated with 3:08-cv-97, 3:04-cv-80,
                                                    3:04-cv-75 and 3:04-cv-48)

CRANE CO., and SEAGA
MANUFACTURING, INC.,

    Defendants.,

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION TO COMPEL**

This matter comes before the Court on Plaintiff's, Automated Merchandising Systems, Inc. (hereinafter "AMS"), Motion to Compel filed June 9, 2011.[1] The Court held an evidentiary hearing and argument on Plaintiff's Motion on June 17, 2011. Plaintiff appeared by Charles F. Printz, Jr., Esq. and James D. Berquist, Esq., by phone. Defendant, Crane Co., appeared by John S. Torkelson, Esq. and Michael T. Smith, Esq., by phone. Defendant, Seaga Manufacturing, Inc. (hereinafter "Seaga"), appeared by Matthew P. Heiskell, Esq. and Amy L. Linder, Esq., by phone. No testimony was taken nor was any other evidence adduced.

**I. INTRODUCTION**

A.    Background

This action was initially filed on December 29, 2003 alleging patent infringement by Defendant, Crane Co., of four of Plaintiff's patents in 3:03-cv-88. A detailed history of this

---

[1] Dkt. No. 244.

1

litigation is set forth in the Order denying Plaintiff's Motion to Lift Stay (Dkt. No. 185) which was entered February 2, 2009. Defendant, Seaga, became a Defendant in an action filed by AMS in this district on June 2, 2008 (3:08-cv-97), more than three years ago. Matthew P. Heiskell, Esq. and David G. Hansso, Esq. appeared for Defendant, Seaga, on July 31, 2008. The action was stayed by Order of Court entered on December 2, 2008. The stay was lifted on April 5, 2011 (Dkt. No. 218). Amy L. Lindner, Esq. moved to appear *pro hac vice* on June 6, 2011. AMS filed the instant Motion to Compel on June 9, 2011 because Defendant Seaga had not responded to AMS' discovery which was served on April 13, 2011.

B. The Motion

Plaintiff's Motion to Compel Discovery.[2]

C. Decision

Plaintiff's Motion to Compel discovery response is hereby **GRANTED** because Defendant Seaga provided no evidence of legal authority justifying its failure to respond.

## II. FACTS

1. On June 9, 2011, Plaintiff filed a Motion to Compel. (Dkt. No. 244).

2. This Court set an evidentiary hearing and argument on Plaintiff's Motion to Compel for June 17, 2011.

3. Defendant, Seaga, filed its Response in Opposition to Plaintiff's Motion on June 13, 2011.[3]

4. On June 15, 2011, Plaintiff filed its Reply to Defendant Seaga's Response.

---

[2] Dkt. No. 244.

[3] Dkt. No. 255.

5. The evidentiary hearing and argument was held on June 17, 2011.

### III. **PLAINTIFF'S MOTION TO COMPEL**

A. Contentions of the Parties

Plaintiff moves for an order compelling Defendant Seaga to "(1) respond to AMS' written discovery requests, (2) produce a Rule 30(b)(6) witness to testify... and (3) to produce Mr. Steven Chesney for deposition." See Pl.'s Mot. to Compel, Pg. 1 (Dkt. 244). In support of its Motion, Plaintiff argues the discovery it seeks is "not particularly objectionable or burdensome" but would merely permit Plaintiff "to confirm how Seaga's accused vendors operate, why Seaga contends that it does not infringe [Plaintiff's] patents, and to learn how much Seaga has earned from the sale of those products. Id. at 2-3. Plaintiff contends "[w]ithout this discovery, [Plaintiff] will be forced to either seek modification of Judge Bailey's Scheduling Order or to prepare expert reports without this very basic discovery." Id. at 3.

In opposition, Defendant Seaga contends "[t]he reality is Seaga is a [D]efendant in a complicated patent suit that is, from Seaga's vantage point, a very new case." See Def.'s Resp., Pg. 1 (Dkt. 255). Seaga essentially argues Plaintiff's Motion to Compel could have been avoided had the parties engaged in a "meet and confer" prior to filing. Id. at 3. Seaga asserts that it is "willing to respond to all appropriate discovery as soon as it can..." and highlights that Seaga's ability to respond "is severely hampered by the fact its main client contact has been in India for a significant portion of the time in which the parties have been addressing these discovery issues." Id. at 4-5. Seaga also contends sanctions are inappropriate because "[n]o evidence exists that Seaga's actions merit sanctions." Id. at 7. Seaga respectfully moves this Court to deny Plaintiff's Motion to Compel and request for sanctions.

### 1. Fed. R. Civ. P. 26(f) & Its Effect on Plaintiff's Motion to Compel

Rule 26(f) of the Federal Rules of Civil Procedure requires parties to an action to confer at an early stage in the litigation to discuss various subjects identified in the rule including discovery, and to develop a proposed discovery plan for submission to the Court. Fed. R. Civ. P. 26(f). The rule provides, in relevant part, as follows:

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or *when the court orders otherwise*, the parties must confer as soon as practicable–and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). (emphasis added).

Fed. R. Civ. P. 26(f)(1).

Additionally, Federal Rule of Civil Procedure 26(d)(1) sets the timing and sequence of discovery. Rule 26(d)(1) places such matters within the sound discretion of the Court. Fed. R. Civ. P. 26(d)(1).

Seaga contends its "ability to promptly respond to discovery would be improved if AMS would 1) cooperate with Seaga by participating in a Rule 26(f) conference, 2) work with Seaga to assist Seaga to get up to speed in the discovery already conducted and 3) by continuing to work with Seaga in identifying which of the discovery requests actually relate to AMS's forthcoming expert reports to allow Seaga to respond to these requests on an expedited manner." See Def.'s Resp., Pg. 6-7 (Dkt. 255). Seaga's argument is without merit. The stay of discovery was lifted on April 5, 2011 and a scheduling order was entered requiring AMS to produce its opening expert reports on July 1, 2011. The timing and sequence of discovery has been set and the parties must abide by the scheduling order as entered. Accordingly, Defendant Seaga's argument in this regard must fail.

## 2. Motion to Compel Analysis

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or disclosure from an opposing party where the opposing party fails to respond or where the party's response is evasive or incomplete. Specifically, parties may move for an order compelling an answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response to an interrogatory, and a response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). To properly file a motion to compel in this Court, a party must submit with the motion a statement setting forth "verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken." LR Civ P 37.02(a)(1). When a party refuses to produce documents or answer interrogatories during discovery, it has a duty to particularize that objection within the time period provided for discovery responses. Fed. R. Civ. P. 26(b)(5).

Plaintiff argues the discovery it seeks is not particularly objectionable or burdensome and, therefore, should be produced by Seaga. Seaga has offered no evidence that Plaintiff's discovery is particularly objectionable or burdensome nor has Seaga presented any authority except on the issue of discovery sanctions. Defendant Seaga, instead, chose "self-help," so to speak, instead of seeking relief from the Court in the form of a Motion for Extension of Time to allow Defendant Seaga more time to respond or to modify the scheduling order. See Howard v. Sweetheart Cup Co., 00-C-648, 2001 U.S. Dist. LEXIS 8682 (N.D. Il. 2001) ("[T]he Court is not convinced that Sweetheart's counsel were engaged in a deliberate effort to deceive. Instead, the evidence indicates that counsel misguidedly used self-help, rather than seeking the Court's guidance as they should have, in an effort to narrow the scope of discovery...."). Defendant Seaga is entitled to no consideration of its position for its refusal to answer. The Court finds

Plaintiff's request for sanctions, however, to be inappropriate at this juncture.

C.  Decision

Plaintiff's Motion to Compel is **GRANTED**.

Defendant Seaga is **ORDERED** to respond to Plaintiff's requested discovery within seven (7) days of the date of this Memorandum Opinion and Order.

Filing of objections does not stay this Order. Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: June 21, 2011                              /s/ *James E. Seibert*
                                                   JAMES E. SEIBERT
                                                   UNITED STATES MAGISTRATE JUDGE