IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AUTOMATED MERCHANDISING
SYSTEMS INC.,

    Plaintiff,

    v.                                                         Civil Action No. 3:03-cv-88
                                                         (consolidated with 3:08-cv-97, 3:04-cv-80,
                                                         3:04-cv-75 and 3:04-cv-48)

CRANE CO., and SEAGA
MANUFACTURING, INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO COMPEL**

This matter comes before the Court on Plaintiff's, Automated Merchandising Systems, Inc. (hereinafter "AMS"), Motion to Compel filed June 9, 2011.[1] The Court held an evidentiary hearing and argument on Plaintiff's Motion on June 27, 2011. Plaintiff appeared by Charles F. Printz, Jr., Esq. and James D. Berquist, Esq., by phone. Defendant, Crane Co., appeared by John S. Torkelson, Esq. and Michael T. Smith, Esq., by phone. Defendant, Seaga Manufacturing, Inc. (hereinafter "Seaga"), appeared by Matthew P. Heiskell, Esq. and Amy L. Linder, Esq., by phone. No testimony was taken nor was any other evidence adduced.

**I. INTRODUCTION**

A.    Background

This action was initially filed on December 29, 2003 alleging patent infringement by Defendant, Crane Co., of four of Plaintiff's patents in 3:03-cv-88. A detailed history of this

---

[1] Dkt. No. 253.

litigation is set forth in the Order denying Plaintiff's Motion to Lift Stay (Dkt. No. 185) which was entered February 2, 2009. This action was stayed by Order of Court entered on December 2, 2008 and the stay was lifted on April 5, 2011 (Dkt. No. 218). AMS filed the instant Motion to Compel on June 9, 2011 requesting the Court to compel Crane Co. to provide complete answers to AMS's discovery.

B. The Motion

Plaintiff's Motion to Compel Discovery.[2]

C. Decision

Plaintiff's Motion to Compel is hereby **DENIED** because Defendant Crane Co. has adequately responded to Plaintiff's Interrogatory No. 13 and Requests for Production Nos. 76-83, and because Interrogatory No. 24 is premature.

## II. FACTS

1. On June 9, 2011, Plaintiff filed a Motion to Compel Discovery from Crane Co.
2. This Court set an evidentiary hearing and argument on Plaintiff's Motion to Compel for June 27, 2011.
3. Defendant, Crane Co. filed its Response to Plaintiff's Motion on July 1, 2011.[3]
4. On July 5, 2011, Plaintiff filed its Reply to Crane Co.'s Response.
5. The evidentiary hearing and argument was held on June 27, 2011.

## III. PLAINTIFF'S MOTION TO COMPEL

A. Contentions of the Parties

---

[2] Dkt. No. 253.

[3] Dkt. No. 268.

In support of its Motion, Plaintiff requests the Court to compel certain discovery responses from Crane Co. Plaintiff argues Defendant must answer Interrogatory No. 24 and disclose its factual basis for asserting non-infringement because "[Defendant] is in the best position...[to] identify the basis upon which it asserts that its products [] do not infringe the patent claims [Plaintiff] identified." See Pl.'s Mot., Pg. 7-8 (Dkt. 253). Plaintiff contends Defendant also "needs to identify the vend detection systems it has used since it introduced its SureVend product [] and to explain how each works" in accordance with Interrogatory No. 13. Id. at 8. Plaintiff contends the "relevance of this information is not subject to reasonable debate" because "it is at the center of the present dispute." Id. Additionally, Plaintiff argues Fed. R. Civ. P. 33(d) is inapplicable because neither condition under this rule is met. Id. at 8-9. Plaintiff also argues for Defendant's sales records because the "information is central to [Plaintiff's] damages computation and thus to the opening expert report of [Plaintiff's] damages expert." Id. at 9. Lastly, Plaintiff argues that Defendant "should be ordered to produce the requested documents" instead of mere "promises to make that production." Id. at 9-10.

In opposition, Defendant argues procedurally that Plaintiff's Motion does not comply with LR Civ. P. 37.02(a)(1) because "[Plaintiff] did not quote verbatim any of the interrogatories or responses at issue in its Motion to Compel...." See Def.'s Resp., Pg. 4 (Dkt. 263). Substantively, Defendant also contends it has adequately responded to Interrogatory No. 13 by producing "responsive documents that describe in detail all operations of the SureVend sensor system and the Posi-Vend sensor system...." Id. at 7. Defendant also states it provided "all of the operating manuals for the accused vending machines...including the engineering drawings, schematics and documents describing the operation of the accused optical vend sensing

systems." Id. at 8.

Defendant argues Plaintiff's Interrogatory No. 24 is improper "because non-infringement contentions occurring prior to claim construction or *Markman* briefings is contrary to Federal Circuit authority, which holds that claim construction must be performed before infringement analysis." Id. at 10.  As a second objection to Interrogtory No. 24, Defendant contends Plaintiff's interrogatory is "nothing more than a back-door attempt to subvert the Court's order that requires the party with the burden of proof on patent infringement to provide its expert opinion(s) first." Specifically, Defendant asserts that the "Court's scheduling order explicitly provides that the party with the burden of proof must provide its expert report(s) first" and that "the purpose of interrogatories is not to require Defendants to divulge their crystallized non-infringement arguments upon which they will rely at trial." Id. at 12-14.  Defendant also highlights Plaintiff's argument "that [Plaintiff] cannot provide infringement contentions without [Defendant's] non-infringement contentions is a tacit admission that [Plaintiff] failed to satisfy its Rule 11 pre-suit requirement to apply construed claims of the [patents at issue] to [Defendant's] machines...." Id. at 14-15.  Specifically, Rule 11, Defendant argues, required Plaintiff to compare the actual design and functioning of Defendant's machines with Plaintiff's patent claims prior to filing suit. Lastly, Defendant argues it "has provided documents responsive to [Plaintiff's] fourth set of requests for production." Id. at 16.

B. Discussion

1. LR Civ. P. 37.02(a)(1)

To properly file a motion to compel in this Court, a party must submit with the motion to compel a statement setting forth "verbatim each discovery request or disclosure requirement and

4

any response thereto to which an exception is taken." LR Civ. P. 37.02(a)(1).

Defendant argues Plaintiff is in violation of LR Civ. P. 37.02(a)(1) because Plaintiff merely provided a "summary description of the information sought...[in] Interrogatories 7, 13 and 24." See Def.'s Resp., Pg. 4 (Dkt. 263). While this Court has previously denied a motion to compel on grounds that the rule's requirements were not met, the Court declines to do so here and finds a the parties' interests would be best served by a substantive ruling. Plaintiff is on notice in the future, however, that a summary description of the information it seeks is insufficient to file a Motion to Compel.

### 2. Motion to Compel Analysis

Pursuant to Fed. R. Civ. P. 37(a), a party may move for an order to compel discovery or disclosure from an opposing party where the opposing party fails to respond or where the party's response is evasive or incomplete. Specifically, parties may move for an order compelling an answer to a deposition question, a designation under Rule 30(b)(6) or Rule 31(a)(4), a response to an interrogatory, and a response to a request for production. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). To properly file a motion to compel in this Court, a party must submit with the motion a statement setting forth "verbatim each discovery request or disclosure requirement and any response thereto to which an exception is taken." LR Civ P 37.02(a)(1). When a party refuses to produce documents or answer interrogatories during discovery, it has a duty to particularize that objection within the time period provided for discovery responses. Fed. R. Civ. P. 26(b)(5).

#### a. Interrogatory No. 13

Plaintiff's Interrogatory No. 13 is as follows:

> Describe in detail all operations of the SureVend sensor system and the PosiVend sensor system from the time a vending machine user

> initiates a vend operation until the user's requested item is vended, including, but not limited to, identifying (a) the order in which the sensor system's LED's are pulsed, (b) the order in which the sensor system's light receivers and/or light detectors are pulsed, (c) the signal frequency at which the sensor system's LEDs, receivers and/or detectors [are] pulsed, (d) the duration and/or duty cycle of individual LED, receiver and/or detector pulses, (e) the generation of signals by the sensor system's receivers and/or detectors in response to light exposure, (f) the processing and analysis of the signals received from the sensor system's receivers and/or detectors, (g) the generation of signals from the sensor system that indicate the detection of a vend drop, (h) the logic or program employed by the sensor system to determine when a vend drop is detected, (I) the functions used, including integration, comparison and/or threshold functions applied, to determine that a vend drop has occurred, and (j) an identification of documents, flowcharts, logic diagrams, and programs documenting or illustrating the subjects of (a) through (j) above.

Plaintiff argues Defendant "refuses to provide a meaningful response to [Plaintiff's] Interrogatory No. 13. See Pl.'s Mot., Pg. 9 (Dkt. 253). Defendant contends it "provided a narrative response" which "describe[d] in detail all operations of the SureVend sensor system and the Posi-Vend sensor system" and also provided supplementation responsive to this Interrogatory. Defendant, however, does not object to the relevance of this information as Plaintiff suggests. The Court finds Plaintiff's argument as to Interrogatory No. 13 unpersuasive. Defendant states it produced documents that describe both the SureVend and Posi-Vend sensor systems and have additionally produced the operating manuals, engineering drawings, schematics and documents describing the operations of the accused optical vend sensing systems. Defendant has offered to make its vending machine software available to Plaintiff and agreed to provide a Rule 30(b)(6) representative on this topic. The Court directs the parties to Fed. R. Civ. P. 26(g) which has a certification requirement. This requirement "obliges each attorney to stop and think about the legitimacy of a discovery request, a response thereto, or an

objection." Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment, Subdivision (g). Moreover, Rule 26(g) "requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." Id. By signing a Rule 26(g) certification, an attorney "certifies that [he or she] has made a reasonable effort to assure that the client has provided all the information and documents available to [the client] that are responsive to the discovery demand." Id. By representing Defendant has produced the requested documents, the Court cannot compel discovery without more.

### b. Interrogatory No. 24

Plaintiff argues Defendant should disclose the factual basis upon which Defendant asserts its non-infringement contentions. Plaintiff offers no case authority for position this but states "[Defendant] cannot precondition its discovery responses on seeing [Plaintiff's] analysis first. Defendant argues Interrogatory No. 24 is premature because "no *Markman* briefing or hearing has occurred as to the '915 and '220 Patents, which are the subject of Interrogatory 24." See Def.'s Resp., Pg. 11 (Dkt. 263). The Court finds useful the case authority cited by Defendant and is inclined to follow it. Specifically, Plaintiff bears the burden to prove infringement and cannot use interrogatories to determine Defendant's "crystallized non-infringement arguments." See Cummings-Allison v.SBM Co., Ltd., Civ. Action No. 9:07-cv-196, 2009 WL 806753, at *1-2 (E.D. Tex. March 19, 2009). Prior to knowing how the Court will construe the claims at issue, it would be premature because it would be difficult to determine how the machines allegedly infringed. Accordingly, Plaintiff's argument in this regard must also fail until after the patent claims have been construed. The Court does not address Defendant's additional arguments regarding Interrogatory No. 24 because they are moot.

### c. Interrogatory No. 7

Plaintiff additionally argues it requires Defendant's information as to the sales of the accused products to determine the damages computation and for the opening expert report of Plaintiff's damages expert. At the evidentiary hearing, Plaintiff advised the Court that it was withdrawing its Motion to Compel as to Interrogatory No. 7. Accordingly, the Court finds this issue moot.

### d. Other Requested Documents

Plaintiff contends Defendant should be ordered to respond to Plaintiff's "requests for production of documents and things." See Pl.'s Mot., Pg. 9 (Dkt. 263). It argues Defendants continually promise production but "that production was a long time coming." Id. at 10. In Response, Defendant argues it has provided documents responsive to Plaintiff's Fourth Set of Requests for Production. At the evidentiary hearing the Court ordered inquired as to how long it would take Defendant to respond to Plaintiff's Requests for Production Nos. 76-83, which Plaintiff contended Defendant had answered insufficiently. Defendant responded on July 1, 2011 and stated in its Response that it either did not have documents responsive to Plaintiff's requests or had already produced these documents. Defendant additionally stated that it would continue to supplement its production as soon as responsive documents are located. Defendant states numerous times throughout its Response that it has produced all documents responsive to Plaintiff's Production requests and that Defendant will supplement with additional responsive documents in keeping with its discovery duties. By representing Defendant has or will produce the requested documents, the Court cannot compel discovery without more.

C. <u>Decision</u>

Plaintiff's Motion to Compel is **DENIED**.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**
DATED: July 6, 2011                                    /s/ *James E. Seibert*
                                                        JAMES E. SEIBERT
                                                        UNITED STATES MAGISTRATE JUDGE