IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AUTOMATED MERCHANDISING
SYSTEMS INC.,

    Plaintiff,

    v.                                       Civil Action No. 3:03-cv-88
                                             (consolidated with 3:08-cv-97, 3:04-cv-80,
                                             3:04-cv-75 and 3:04-cv-48)

CRANE CO.,

    Defendant.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION TO LIMIT DEFENDANT'S NON-INFRINGEMENT
CONTENTIONS AS DISCOVERY SANCTION**

This matter comes before the Court on Plaintiff Automated Merchandising Systems' ("AMS") Motion to Limit Crane's Non-Infringement Contentions as Discovery Sanction filed on October 28, 2011.[1] The Court held an evidentiary hearing and argument on Plaintiff's Motion on November 28, 2011. Plaintiff appeared by Anissa B. Reynolds, Charles F. Printz, Jr., Donald L. Jackson, J. Scott Davidson, James D. Berquist, Peter W. Gowdey, and Brian M. Peterson, each in person. Defendant appeared by Daniel E. Venglarik, Jamil N. Alibhai, Jane Ann R. Neiswender, John S. Torkelson, Michael T. Smith, and William A. Munck, each in person. Sharon Shull, President of AMS, and William Tracy, President of North American Vending Operations for Crane were also present at the hearing. All counsel of record and the CEO's were

---

[1] It appears the Motion may have been inadvertently titled Automated Merchandising Systems' Motion to Limit Crane's *Infringement* Contentions as Discovery Sanction, instead of being titled Automated Merchandising Systems' Motion to Limit Crane's *Non-Infringement* Contentions as Discovery Sanction. To avoid confusion, the Court will refer to the Motion by using the phrase "non-infringement contentions."

1

present as the Court requested. At the hearing, the Court admitted Exhibit one, patent number 6,384,402, as Plaintiff's Exhibit one, without objection. At the hearing, the Court also admitted under seal the following exhibits submitted by Defendant: the prosecution history of one of the patents at issue as Exhibit one; pictures of vending machines and vend space as Exhibit two; Objections and Answers to AMS's First Set of Interrogatories to Crane Nos. 1-14 as Exhibit three; AMS's Fourth Set of Interrogatories to Crane Nos. 24-25 as Exhibit four; the transcript of the hearing on the Motion to Stay and other Pending Motions as Exhibit five; Judge Bailey's August 19, 2011 Order as Exhibit six; Crane's Supplemental Objections and Response to AMS's Interrogatory No. 24 as Exhibit seven; Expert Report of Richard Koralek as Exhibit eight; Expert Report of Algert Maldanis as Exhibit nine; the September 16, 2011 status conference transcript as Exhibit ten; Crane's Second Supplemental Objections and Responses to AMS's Interrogatory Nos. 3, 22 and 24 as Exhibit eleven; an infringement claim chart as Exhibit twelve; a listing of Crane's product manuals as Exhibit thirteen; a manual from certain vending machine models as Exhibit fourteen; a manual from certain vending machine models as Exhibit fifteen; and a letter to Mr. Bequist from Mr. Alibhai as Exhibit sixteen, each without objection. No testimony was taken nor was any other evidence adduced.

## I. **INTRODUCTION**

A.  Background

AMS filed this action on December 29, 2003 alleging patent infringement by Defendant, Crane Co., of four of Plaintiff's patents. A detailed history of this litigation is set forth in the Order denying Plaintiff's Motion to Lift Stay (Dkt. No. 185), which was entered February 2, 2009. This action was stayed by Order of Court entered on December 2, 2008 and the stay was

subsequently lifted on April 5, 2011 (Dkt. No. 218). Discovery continued and certain discovery disputes arose. AMS filed the instant Motion to Limit Crane's Non-Infringement Contentions on October 28, 2011, requesting the Court to impose limits on Crane's non-Infringement contentions as a discovery sanction.

B. The Motion

    1. Plaintiff's Motion to Limit Crane's Non-Infringement Contentions as Discovery Sanction.[2]

C. Decision

Plaintiff's Motion to Limit Crane's Non-infringement Contentions as Discovery Sanction is hereby **DENIED** because Crane complied with the Court's September 16, 2011 order by providing supplemental experts' reports and responses to AMS' interrogatories.

## II. FACTS

AMS filed this action on December 29, 2003 alleging Defendant Crane Co. infringed four of Plaintiff's patents in a lead case numbered 3:03-cv-88. Although the present litigation has a lengthy history, the salient facts for the present issue include the fact that this action was stayed by Order of Court entered on December 2, 2008 and that the stay was lifted on April 5, 2011 (Dkt. No. 218).

As discovery continued after the stay was lifted, certain discovery disputes arose. On September 16, 2011, the parties appeared before the Chief Judge John Preston Bailey for a status conference in accordance with the Judge Bailey's August 19, 2011 Order. At the status conference, in response to the Court's question about whether Crane had filed its non-infringement contentions

---

[2] Dkt. No. 376.

3

by September 9, 2011 as ordered, AMS indicated that Crane has disclosed two expert reports, and had provided a supplemental response to Interrogatory Number 24. AMS, however, objected to the expert reports to the extent that they are limited to only one model of the allegedly infringing vending machines and it objected to the Supplemental Response to the extent that it only highlighted the limitations on which Crane claims its accused products do not read. In response to these arguments, Judge Bailey ordered on September 16, 2011, that "Crane shall provide AMS with a Second Supplemental Response to Interrogatory No. 24 that provides a full explanation (specifying the particular model referenced) of its non-infringement contentions on or before September 23, 2011." In response to the Court's Order, on September 23, 2011, Crane filed its Second Supplemental Objections and Responses to AMS' Interrogatory Nos. 3, 22 and 24. Believing that its Supplemental Responses were insufficient, on October 28, 2011, AMS filed the instant Motion to Limit Crane's Non-infringement Contentions as Discovery Sanction. On November 16, 2011, Crane filed its Response in Opposition to AMS' Motion to Limit Crane's Infringement Contentions as Discovery Sanctions. On November 18, 2011, Plaintiff filed its Reply in Support of its Motion to Limit Crane's Infringement Contentions. On November 30, 2011, Crane filed a Motion to Submit Additional Exhibit in Support of its Response in Opposition to AMS' Motion to Limit Crane's Infringement Contentions as Discovery Sanction. Also on November 30, 2011, Plaintiff filed a Response to Crane Co.'s Motion for Leave to File Supplemental Exhibit in Opposition to AMS' Motion for Discovery Sanctions. A hearing was held on the Motion on November 28, 2011, at the conclusion of which this Court advised the parties that an order would be forthcoming.

## III. PLAINTIFF'S MOTION TO COMPEL

A.  Contentions of the Parties

In its Motion, Plaintiff argues that the sole non-infringement contention Crane has presented thus far is that the Merchant 181product model does not contain a vend space through which the product freely falls because the model uses two deflectors on each side of the delivery path, and that other models use deflectors that are the same or similar to the Merchant 181's deflectors. Plaintiff argues that Crane has thus presented no specific non-infringement contentions based on the size and shape of the product delivery paths in the other thirty-eight product lines other than the 181 Merchant vendor, and accordingly, since it has made no effort to describe or disclose the product features that would give rise to non-infringement arguments in the other models, it should be limited to offering only non-infringment arguments and evidence with respect to the specific structure found in the ambient temperature Merchant 181 vendor and the specific product deflectors found in that product.

In opposition, Defendant argues that it has not limited its non-infringement position to one vending machine model because it complied with Judge Bailey's order by supplementing its objections and responses to Interrogatory Nos. 3, 22, and 24, in part by attaching four non-infringement claim charts that classified each of the accused vending machines into four categories, Systems A-D. Furthermore, Defendant argues that this issue goes to the merits of the case, and therefore, this issue should not be decided based on a discovery motion, and that AMS's failure to provide Crane its infringement contentions precludes it from receiving the relief it requests.

B.  Discussion

The issue before the Court is whether Crane should be barred from offering other non-infringement arguments or evidence related to the characteristics of the product delivery paths of the other thirty-eight product models as a sanction under Federal Rule of Civil Procedure 37 for failure to comply with an order of the court. Rule 37 of the Federal Rules of Civil Procedure authorizes a court to impose sanctions for discovery-related misconduct. Willis v. Town of Marshall, 275 Fed. Appx. 227, 236 (4th Cir. 2008). In particular, the Rule provides that if a party does not obey an order to provide or permit discovery, the court where the action is pending may issue certain sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designed matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Also under Rule 37, if a party fails to supplement an earlier response, the court may impose sanctions. Fed. R. Civ. P. 37(c). Furthermore, as sanctions, courts may refuse to permit infringement or non-infringement contentions at trial that differ from discovery responses. See Thermos Co. v. Starbucks Corp., No. 96C3833, 1999 WL 203822, at *6 (N.D. Ill. Apr. 6, 1999)(precluding alleged infringer from pursuing specific non-infringement defense when it failed to supplement interrogatory response on point). See also Transclean Corp. v. Bridgewood Servs., Inc., 290 F.3d 1364, 1373-74 (Fed. Cir. 2002)(affirming sanctions precluding alleged infringer from asserting non-infringement claims and granting patentee summary judgment of infringement because accused failed to identify non-infringement defense in response to interrogatory seeking identification of basis for defenses).

However, in order for Rule 37 to apply, the Court must first determine whether there has been a discovery violation as the Court is only authorized to impose sanctions on a party when it

"fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2). In this case, Judge Bailey stated at the September 16, 2011 status conference that Crane must further explain its non-infringement contentions, but "[i]f [the non-infringement position] applies to all models, certainly you can say that. If it only applies to some models, say that." Hr'g Tr. at 31. Furthermore, Judge Bailey's September 16, 2011 Order stated, in part, that "Crane shall provide AMS with a second supplemental Response to Interrogatory Number 24 that provides a full explanation (specifying the particular model referenced) of its non-infringement contentions on or before September 23, 2011." Order at 3 (emphasis omitted). In response to Judge Bailey's statements on record of what Crane was ordered to do, and pursuant to the September 16, 2011 Order, Crane supplemented its objections and responses to Interrogatory Nos. 3, 22 and 24 on September 23, 2011. With these responses, it filed four non-infringement claim charts, one chart corresponding to each of the four AMS patents-at-issue in this case. The charts divided the allegedly infringing vending machines into four categories, designated as Systems A-D. The non-infringement charts explained that the Merchant line did not infringe because based on the deflectors and that "[t]he remainder of the accused Crane models include the same or similar product deflectors or impediments above the delivery bin." See non-infringement claim charts. Given these responses, the Court is unable to conclude that Judge Bailey's order was violated. Thus, Rule 37 is not applicable since Defendant has not failed to obey the previous order compelling Defendant to supplement its answers to the interrogatories in question.

Furthermore, even assuming arguendo Plaintiff successfully demonstrated that Defendant did not comply with a Judge Bailey's order, this Court would not be prepared to grant the form of sanction requested. The Court of Appeals for the Fourth Circuit has developed a four-part test

7

to use when determining what sanctions to impose. Under that test, a court must consider: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003) (quoting Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)). In the instant case, although Plaintiff alleges it has had trouble throughout the course of discovery in obtaining responses from Crane, it has not met is burden on demonstrating Crane has acted in bad faith. Rather, the Court finds Crane has consistently made efforts to respond to Plaintiff's discovery requests and has supplemented its responses. In considering the amount of prejudice the Court would have found Plaintiff suffered if it proved non-compliance with the order, it notes that the instant case is a far cry from a case where Plaintiff has materially changed its position in reliance on Defendant's discovery concessions, only to find after the close of discovery that Defendant is going to raise radically different non-infringement contentions at trial. Rather, in this case, Defendant has asserted that it will argue non-infringement due to the inclusion of deflectors, and Plaintiff argues only that it has not made clear whether it is also going to make arguments based on the size and shape of the deflectors. The Court therefore finds this would not amount to great prejudice. Finally, with regard to the third and fourth factors, which the Court will consider together because "[t]he deterrence and lesser sanctions factors are somewhat intertwined," Anderson, 155 F.3d at 505, this is not a case of continued abuses, so the need for deterrence is lesser, as is the need to impose strong sanctions because Crane has done nothing to indicate that smaller sanctions would be ineffective.

In addition, limiting non-infringement contentions is one of the more severe sanctions the Court can impose, and should be reserved for the most flagrant cases of disregard. The instant case does not present evidence of such flagrant disregard for court orders. Accordingly, even if Plaintiff was able to establish sanctionable behavior on Crane's part, limiting Crane's non-infringement contentions would not be the appropriate sanction.

The Court's order on this Motion does not decide what evidence, if any, Defendant may offer at trial on the issue of non-infringement. It is for the trial court to determine whether Defendant's responses and supplemental disclosures were sufficient to give notice to Plaintiff of Defendant's non-infringement claims and thus allow for the entry of evidence on the issue.

Filing of objections does not stay this Order.

Any party may, on or before **December 20, 2011**, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED**.

DATED: December 6, 2011  /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE