IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**AUTOMATED MERCHANDISING
SYSTEMS, INC.,**

        Plaintiff,

v.                            Civil Action No. 3:03-CV-88(L)
                               (Consolidated with 3:08-CV97, 3:04-CV80,
                               3:04-CV-75, and 3:04-CV-48)
                               (BAILEY)

**CRANE COMPANY,**

        Defendant.

### ORDER GRANTING CRANE COMPANY'S
### MOTION *IN LIMINE* NO. 8
### TO PRECLUDE TRIAL TESTIMONY OF DOCTRINE OF EQUIVALENTS

Pending before this Court is defendant Crane Company's ("Crane") Motion *in Limine* No. 8 to Preclude Trial Testimony on Doctrine of Equivalents [Doc. 520], filed February 10, 2012. Plaintiff Automated Merchandising Systems, Inc.'s ("AMS") responded on February 24, 2012 [Doc. 608]. Having reviewed the record and the arguments of the parties, this Court finds that the motion should be **GRANTED**. To date, AMS has limited its infringement contentions to literal infringement and has not identified infringement under the doctrine of equivalents in either its infringement contentions or expert reports. In the instant motion, therefore, Crane moves to preclude AMS from offering any evidence or testimony at trial that Crane infringes any of the asserted claims under the doctrine of equivalents. In its response, AMS argues that Crane's motion should be denied as moot, noting that "[i]t is possible that the occurrences of trial will suggest an appropriate assertion

of the doctrine of equivalents." ([Doc. 608] at 1).

This Court disagrees with AMS that trial is an appropriate time for a decision of whether it should assert infringement under the doctrine of equivalents. Discovery has long since been closed and trial is scheduled to commence in little more than three weeks. In order to prepare a defense to the any theory under the doctrine of equivalents, Crane would need to be given proper notice of AMS' contentions. To allow a new theory to be asserted for the first time at trial would be unduly prejudicial to Crane. As such, AMS is hereby **PRECLUDED** from offering any evidence or testimony at trial that Crane infringes any of the asserted claims under the doctrine of equivalents. *Accord* ***Microstrategy Inc. v. Bus. Objects, S.A.***, 429 F.3d 1344, 1353 (Fed. Cir. 2005); ***Nike, Inc. v. Addidas Am., Inc.***, 479 F.Supp.2d 664, 670 (E.D. Tex. 2007); ***O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.***, 467 F.3d 1355, 1369 (Fed. Cir. 2006). Accordingly, Crane's Motion *in Limine* No. 8 **[Doc. 520]** is hereby **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** February 27, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE