IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**AUTOMATED MERCHANDISING
SYSTEMS, INC.,**

         Plaintiff,

**v.**                                    **Civil Action No. 3:03-CV-88(L)
(Consolidated with 3:08-CV97, 3:04-CV80,
3:04-CV-75, and 3:04-CV-48)
(BAILEY)**

**CRANE COMPANY,**

         Defendant.

<u>**ORDER GRANTING AUTOMATED MERCHANDISING SYSTEMS, INC.'S
MOTION *IN LIMINE* NO. 4
TO PRECLUDE CRANE FROM PRESENTING NON-INFRINGEMENT ARGUMENTS
BASED ON CLAIM CONSTRUCTION ARGUMENTS THIS COURT REJECTED
REGARDING POINT-TO-POINT SYSTEMS**</u>

Pending before this Court is plaintiff Automated Merchandising Systems, Inc.'s ("AMS") Motion *in Limine* No. 4 to Preclude Crane from Presenting Non-infringement Arguments based on Claim Construction Arguments this Court Rejected Regarding Point-to-Point Systems [Doc. 508], filed February 10, 2012.   Defendant Crane Company ("Crane") responded on February 24, 2012 [Doc. 596].  Having reviewed the record and the arguments of the parties, this Court finds that the motion should be **GRANTED**.

<u>**BACKGROUND**</u>

On December 8, 2008, during the original prosecution of its '402 patent, AMS filed an Information Disclosure Statement with the United States Patent and Trademark Office ("PTO").  In that filing, AMS disclosed a piece of prior art and argued that the art did not

affect patentability:

> The attached sketch prepared by the Applicants shows a conventional sensor
> system which came into Applicant's possession.  The system has no diffuser
> or collector and appears to operate on a point-to-point beam concept.  This
> appears no more relevant than other references of record.

(AMS Trial Exhibit No. 51 at 1).

On July 25, 2001, AMS submitted a new set of claims which broadened many of the previously allowed claims by deleting the light collectors.  On September 13, 2001, the PTO issued a subsequent Official Action, rejecting all of the broader, newly-added claims as unsupported by the specification.  The PTO reasoned that the objectives of the invention could not be attained without the collector element.

On November 8, 2001, AMS responded to the PTO Official Action, arguing that the light collector is not necessary to attain the objectives of the invention.  One object, AMS explained, was to provide an optical vend-sensing system, which detects an object that has actually been vended.  Another object, AMS continued, was to provide an optical vend-sensing system, which detects vended objects having various sizes and shapes.  AMS then described certain passages contained in its specification, emphasizing that the first mention of a collector was in connection with the first embodiment, not with the object of the invention or with an aspect of the invention itself.  See Doc. 373-16.

On December 13, 2001, the PTO agreed with AMS' arguments and allowed all of the pending claims.  The PTO reasoned that AMS' invention was not limited to one way of generating electromagnetic radiation or one way of monitoring that emission to detect passing products.  See Doc. 373-18.  AMS paid the issue fee, and the '402 patent issued

2

on May 7, 2002.

In its Opening *Markman* Brief in October 2011, Crane cited the above-quoted passage from the December 8, 2000, Information Disclosure Statement as support for arguing that AMS' patent claims should all be limited such that they did not cover point-to-point sensor systems (sensors that do not utilize mirrored collectors). ([Doc. 371] at 10-11, 19-23).

In its *Markman* Order, this Court construed claims 1-6, 23-25, and 37 of the '402 patent as, "The electromagnetic radiation emitted by one or more emitters that substantially covers a traverse cross-section of the vend space or the cross-section of the product path." ([Doc. 414] at Item No. 2).

On February 10, 2012, AMS filed the instant Motion *in Limine* No. 4 [Doc. 508] to preclude Crane from introducing at trial any argument or evidence that AMS' patents-in-suit do not cover point-to-point systems because of alleged prosecution history estoppel.  In support of its motion, AMS argues that its patents-in-suit "contain no limitation that would exclude 'point-to-point' sensor and this Court rejected Crane's concerted efforts to narrow AMS's patent claims so as to exclude such sensor systems."  (Id. at 1).

On February 24, 2012, Crane filed its Objections [Doc. 596] to AMS' motion.  Crane argues that the jury is entitled to consider the above-quoted passage from the December 8, 2000, Information Disclosure Statement "in connection with the infringement and invalidity of the AMS Patents and determination of the scope and content of the prior art." (Id. at 2).

## DISCUSSION

I.   **Applicable Standards**

A.   **Prosecution History Estoppel**

Prosecution history estoppel is a doctrine whereby a patent owner is estopped from making arguments contrary to those previously made during the patent's prosecution to obtain allowance of the patent.  *See Waner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 30 (1997).  Not all amendments to claims create prosecution history estoppel. *See Andrew Corp. v. Gabriel Elec. Inc.*, 847 F.2d 819, 825 (Fed. Cir. 1988).   For example, amendments that do not narrow the literal scope of the original claim do not create prosecution history estoppel.  *See Bose Corp. v. JBL, Inc.*, 274 F.3d 1354, 1359-60 (Fed. Cir. 2001).  Finally, to invoke argument-based estoppel, the prosecution history must evince a "clear and unmistakable surrender of subject matter." *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 170 F.3d 1373, 1377 (Fed. Cir. 1999).

B.   **Rules 401, 402, and 403**

Federal Rule of Evidence 401 provides in whole:

> Evidence is relevant if:
> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
> (b) the fact is of consequence in determining the action.

Pursuant to Federal Rule of Evidence 402, "[i]rrelevant evidence is not admissible." Federal Rule of Evidence 403 provides in whole:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of

time, or needless presentation of cumulative evidence.

II.  **Analysis**

AMS seeks to preclude argument and evidence that its patent claims are estopped from reading on point-to-point systems by the prosecution history of its '402 patent, specifically by the comments made in its December 8, 2000, Information Disclosure Statement.  For the reasons that follow, this Court agrees that this type of argument and evidence should be precluded.

First, this Court is unconvinced that the December 8, 2000, Information Disclosure Statement can properly form the basis of prosecution history estoppel.  As AMS points out, the comments made in that filing applied only to the patent claims pending at that time.  Those comments did not apply to the claims as they were subsequently modified and allowed.

Next, this Court finds that such argument and evidence is irrelevant as defined by Rule 401 and thus should be precluded pursuant to Rule 402.  Again, the comments made in the subject filing applied to claims which were subsequently modified and allowed.  In addition, this Court's claim construction appears to foreclose any argument that AMS is limited to the preferred embodiment of its vend sensor and that the claims of its '402 patent do not cover point-to-point vend sensors. (See [Doc. 414] at Item 2).

Finally, this Court holds that any probative value of argument or evidence concerning the comments AMS made in its December 8, 2000 Information Disclosure Statement to the PTO is substantially outweighed by the danger of unfair prejudice and confusion of the issues and thus should be precluded pursuant to Rule 403.

## CONCLUSION

For the foregoing reasons, this Court concludes that AMS' Motion *in Limine* No. 4

**[Doc. 508]** should be, and hereby is, **GRANTED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** March 1, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE